NEMOURS CORPORATION, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14427.

United States Court of Appeals Third Circuit.

Argued Oct. 25, 1963.

Decided Dec. 26, 1963.

Laurence Graves, New York City, for petitioner.

Gilbert E. Andrews, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before STALEY and GANEY, Circuit Judges, and NEALON, District Judge.

PER CURIAM.

The taxpayer in the above matter sought a review of the Commissioner of Internal Revenue's determination that there existed a deficiency in its income tax for the taxable year 1956, on the theory that it was subject to the personal holding company tax. During the trial, the Commissioner, after he had amended his answer to the petition, abandoned his former claim and determined that the taxpayer was deficient in a lesser amount

on the ground that it was subject to the accumulated earnings tax under §§ 531 and 532 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 531 and 532. The Tax Court found that the taxpayer was liable for the tax.[1]

■ The taxpayer claims here that the Tax Court erred in finding that the Commissioner met his burden of proof. There is no question that the burden of proof (i. e., the duty to produce evidence and the risk of non-persuasion) was on him since no notice of a deficiency based on the imposition of the accumulated earnings tax was sent to the taxpayer by the Commissioner. See § 534 of the Internal Revenue Code of 1954, 26 U.S. C.A. § 534. The fact that Rule 32 of the Tax Court likewise placed the burden of proof on the Commissioner did not increase the obligation. From our view of the record it seems clear that the Commissioner performed his duty to produce the requisite evidence. Most of the basic facts concerning the financial history of the taxpayer were stipulated upon in the Tax Court. These were supplemented and explained by agents of the Internal Revenue Service. In addition, the Commissioner elicited testimony from the president of the taxpayer, which was unfavorable to the taxpayer from an objective point of view.

■■ The taxpayer asserts here that the evidence is insufficient to support a finding that the reasonable needs of its business (including the reasonably anticipated needs of such business) did not require the accumulation of any of the corporation's earnings and profits for the taxable year 1956. It is the duty of the Tax Court, not that of this Court, to determine whether or not there has been an unreasonable accumulation of earnings and profits by a taxpayer. Applying the rule announced by the Supreme Court in Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), we cannot say that the Tax Court's finding of an unreasonable accumulation by the taxpayer is clearly erroneous.

■ The taxpayer next contends that the Commissioner's burden of proof, in addition to requiring a demonstration that it was unreasonable for it to retain and use its 1956 earnings and profits of $537,918.72 for any of the payments of installments on certain loans made by it, or in anticipation of the increased cash needed for the development and operation of oil and gas well properties, necessitated a showing that its retention and use of those earnings and profits was for the deliberate purpose of avoiding the tax on its stockholders. This contention is contrary to the plain terms of § 533(a) of the 1954 Code.[2] Moreover, the Tax Court, at page 605 of its opinion (38 T.C. 585), concludes: "Under the statute the accumulated earnings tax is thereby applicable, the petitioner having failed to prove by a preponderance of the evidence that the earnings and profits in fact accumulated in 1956 were not for the purpose of avoiding the income tax with respect to its shareholders." This evaluation of the evidence is not clearly erroneous. And, although the Tax Court did not specifically include in its findings of fact that the accumulation in question was for the purpose of avoiding income tax with respect to the shareholders of the taxpayer, it made reference in its opinion that in view of the testimony of taxpayer's president the true reason why the remaining portion of the 1956 accumulation was not distributed "was to avoid the resulting tax on the shareholders." 38 T.C., at 603.

The decision of the Tax Court will be affirmed.

---

1. 38 T.C. 585 (1962).

2. Sec. 533. Evidence of Purpose to Avoid Income Tax.
    (a) Unreasonable accumulation determinative of purpose.—For purposes of section 532, the fact that the earnings and profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid the income tax with respect to shareholders, unless the corporation by the preponderance of the evidence shall prove to the contrary.